# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL S. TRACEY, :

    Plaintiff : CIVIL ACTION NO. 3:17-0470

  v. :

NANCY A. BERRYHILL, : (MANNION, D.J.)
Acting Commissioner   (SAPORITO, M.J.)
of Social Security[1] :

    Defendant :

## MEMORANDUM

Pending before the court is the report and recommendation of Judge Saporito, (Doc. 14), recommending that plaintiff's appeal from the final decision of the Commissioner of Social Security be denied, and that the decision of the Commissioner be affirmed. Judge Saporito reviewed the record in this case pursuant to 42 U.S.C. §405(g) to determine whether there is substantial evidence to support the Commissioner's decision denying the plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act, ("Act"). 42 U.S.C. §§401-433, 1381-1383f. The plaintiff, Michael S. Tracey, has filed objections

---

[1]Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin, Acting Commissioner of Social Security as the defendant in this suit.

to Judge Saporito's report.[2] (Doc. 15). The Commissioner responded to plaintiff's objections. (Doc. 16). For the following reasons, the report and recommendation is **ADOPTED** and plaintiff's appeal of the decision of the Commissioner will be **DENIED**.

I. **STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa.

---

[2]Plaintiff is represented by counsel in this case. The court notes that since Judge Saporito stated the full procedural history of this case in his report and since plaintiff did not object to it, the court will not repeat it herein.

2

2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

When reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Johnson v. Commissioner of Social Sec., 529 F.3d 198, 200 (3d Cir. 2008). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552 (1988); Hartranft v. Apfel, 181 F.3d 358, 360. (3d Cir. 1999), Johnson, 529 F.3d at 200. It is less than a preponderance of the evidence but more than a mere scintilla. Richardson v. Perales, 402 U.S. 389, 401 (1971). Furthermore, in determining if the ALJ's decision is supported by substantial evidence the court may not parse the record but rather must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §432(d)(1)(A). Furthermore,

> [a]n individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. §423(d)(2)(A).

## II. RELEVANT MEDICAL EVIDENCE

Judge Saporito's report and recommendation ("R&R"), as well as the initial briefs of the parties, contain a thorough review of the plaintiff's medical history. The plaintiff did not file any objections to Judge Saporito's report with respect to his medical history, so they will be adopted. *See* Butterfield v. Astrue, 2010 WL 4027768, *3 (E.D.Pa. Oct. 14, 2010) ("To obtain *de novo* determination of a magistrate [judge's] findings by a district court, 28 U.S.C. §636(b)(1) requires both timely and specific objections to the report.") (quoting

4

Goney v. Clark, 749 F.2d 5, 6 (3d Cir.1984)). Also, since the five-step legal framework for addressing a disability claim was properly stated in the R&R, and the findings of the ALJ at each step is in the record, the court incorporates by reference these portions of the R&R and the ALJ's decision.

III. **DISCUSSION**

The plaintiff raises two objections to the R&R claiming that Judge Saporito erred in his report with respect to his findings about the decision of the Administrative Law Judge ("ALJ"): (1) the judge erred in finding that the ALJ correctly found that he could perform one of the three jobs upon which the ALJ relied, namely, a conveyor line bakery worker; and (2) the judge erred by failing to identify the substantial evidence that supported the ALJ's physical residual functional capacity ("RFC") finding that he could perform light work and the ALJ's mental RFC finding that he could perform simple work-related instructions and judgments, and have only occasional interaction with others.[3]

---

[3]In his report, (Doc. 14 at 9), Judge Saporito specified the ALJ's RFC finding that plaintiff could perform light work with the following limitations:
> Occasional [sic] stoop, kneel, crouch, crawl and climb stairs; must avoid hazards such as unprotected heights; and can perform occasional handling and fingering with the dominant right upper extremity. The claimant can understand, remember and carry out simple work related instructions, is limited to exercising only simple work related judgments, requires no more than occasional changes to the routine work setting, and can perform only occasional interactions with the public, coworkers and

5

The court has considered the R&R, plaintiff's objections to the R&R as well as the Commissioner's response. The court finds that Judge Saporito correctly found that the ALJ did not err in finding that plaintiff could perform the job of conveyor line bakery worker based on plaintiff's RFC finding that he was limited in the amount of handling and fingering with his upper right extremity and, based on the Dictionary of Occupational Titles ("DOT") description of that job. The DOT states that the job of bakery worker requires occasional handling and no fingering and, this is within the plaintiff's RFC limitations. As Judge Saporito explained, "[t]here are certain elements of the [conveyor line bakery worker] job that would not require more than occasional use of [plaintiff's] upper right extremity" and, the judge then identified the elements of the job which plaintiff could preform. Judge Saporito thus properly determined that based on the job's DOT definition, "the job is capable of performance by someone with [plaintiff's] RFC limitation." (*See* Doc. 14 at 18-19).

Thus, plaintiff's first objection to Judge Saporito's report will be overruled.

Secondly, plaintiff asserts that Judge Saporito erred by failing to detail

---

supervisors.

The ALJ is required to consider all relevant evidence in the record when assessing a plaintiff's RFC at step four. *See* Fargnoli v. Massanari, 247 F.3d 34, 41–42 (3d Cir. 2001).

the substantial evidence which he found supported the ALJ's physical and mental RFC assessment. The Commissioner contends that since plaintiff raised this argument for the first time in his reply brief, as opposed to his opening appellate brief, he has waived it. Judge Saporito did not specifically consider this argument in his report, (Doc. 14 at 15), since it was not an issue raised in plaintiff's opening brief, (Doc. 11 at 3).

As in the case of Wilson v. Colvin, 218 F.Supp.3d 439, 452 (E.D. Pa. 2016), "[i]n his opening brief, Plaintiff makes no mention of any faults in the ALJ's step-four [RFC] analysis" and "this argument was raised for the first time in Plaintiff's reply brief", (Doc. 13 at 2-7). Thus, as the court in *Wilson* stated, "[a]rguments not raised in an appellant's opening brief are deemed waived." Id. (citing Lucas v. Barnhart, 184 Fed.Appx. 204, 206 n.1 (3d Cir. 2006) (Third Circuit noted that "[a]n issue is waived unless a party raises it in its opening brief."); Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993)).

Therefore, plaintiff's second objection will be overruled since it is deemed waived.

Accordingly, plaintiff's objections, (Doc. 15), to Judge Saporito's report, (Doc. 14), will be overruled, and the report will be adopted in its entirety.

IV. **CONCLUSION**

In light of the foregoing, Judge Saporito's report and recommendation,

(Doc. 14), is **ADOPTED**, and plaintiff's objections, (Doc. 15), are **OVERRULED**. Further, plaintiff's appeal, (Doc. 1), is **DENIED** and, the Commissioner's decision is **AFFIRMED**. A separate order shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**


**Dated: February 28, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-0470-01.wpd